UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MICHAEL J. SHELTON,           )
                              )
        Petitioner,           )
                              )
v.                            )        No.:    1:18-CV-287-CLC
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )

**MEMORANDUM OPINION**

Federal inmate Michael J. Shelton has filed a motion, as amended, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docs. 1–2]. Respondent has filed a response in opposition to the motion, to which Shelton has replied [Docs. 4, 6]. Having considered the pleadings and the record, along with the relevant law, the Court finds that Shelton's motion should be granted.

I.      **BACKGROUND FACTS & PROCEDURAL HISTORY**

Michael Shelton has been in federal custody since his arrest on April 20, 2006, for possessing firearms as a felon [*See* Pre-sentence Investigation Report ("PSR") ¶ 6]. In May of 2006, Shelton pleaded guilty to one count of possessing firearms as a felon in violation of 18 U.S.C. § 922(g) [Docs. 15–17 in No. 1:05-CR-97]. At his sentencing in September of 2006, Shelton was deemed an armed career criminal and sentenced to 190 months of imprisonment and three years of supervised release [Doc. 22 in No. 1:05-CR-97]. The Court of Appeals for the Sixth Circuit affirmed Shelton's conviction and sentence as an armed career criminal on August 8, 2008 [Doc. 26 in No. 1:05-CR-97].

In 2013, Shelton filed a motion pursuant to 28 U.S.C. § 2255 to contest the propriety of his armed career criminal classification, and this Court dismissed the motion as untimely [Docs. 31–34 in No. 1:05-CR-97]. The Court of Appeals remanded for consideration of whether Shelton could show cause why his motion should not be dismissed as untimely [Docs. 42–44 in No. 1:05-CR-97]. In his response regarding timeliness, Shelton raised a new claim in light of *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), wherein the Supreme Court held the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally vague and violative of due process [Doc. 48 in No. 1:05-CR-97]. This Court concluded Shelton had failed to show his original motion should not be dismissed as untimely and declined to allow him to amend to add a claim under *Johnson* [Doc. 49 in No. 1:05-CR-97]. Shelton again appealed, and the Court of Appeals remanded for consideration in light of *Johnson* [Docs. 53, 55 in No. 1:05-CR-97]. This Court granted Shelton leave to add a claim to his petition under *Johnson*, and directed Federal Defender Services of Eastern Tennessee ("FDS"), which had been appointed by standing order E.D. Tenn. SO-16-02 (Feb. 11, 2016) to investigate represent defendants seeking relief under *Johnson*, to investigate Shelton's request for relief [Doc. 60 in No. 1:05-CR-97]. FDS subsequently made an appearance on behalf of Shelton, and Shelton's motion is ripe [Doc. 1; Doc. 66 in No. 1:05-CR-97].

## II.    GOVERNING LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A defendant may thereafter collaterally attack his sentence pursuant to 28 U.S.C. § 2255; however, the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a collateral attack under § 2255 limits a petitioner's allegations to those of constitutional or jurisdictional magnitude, or those containing errors "of fact

or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691(6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a). Petitioners seeking § 2255 relief must sustain their allegations by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation omitted).

## III.    ACCA STANDARDS

The ACCA requires a fifteen-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). At the time Shelton was convicted, the statute defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another") (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court struck down the residual clause of the ACCA. *Johnson*, 135 S. Ct. at 2563. However, *Johnson* did not invalidate "the remainder of the Act's definition of a violent felony." *Id.* As such, for a § 2255 petitioner to obtain relief under *Johnson*, he must show that his ACCA-enhanced sentence was necessarily based on a predicate violent felony that only qualified as such under the residual clause. *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 6018). Therefore, post-*Johnson*, a defendant can properly receive an ACCA-enhanced sentence based either on the statute's use-of-force or enumerated-offense clause. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (affirming ACCA sentence where prior convictions qualified under use-of-force and enumerated-offense clauses).

In evaluating whether a conviction qualifies as a predicate offense under the ACCA's enumerated-offense clause, courts apply the "categorical approach," which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute of conviction is broader than that criminalizing the generic offense, then the conviction cannot qualify as a violent felony. *Id.*

## IV. ANALYSIS

The following Tennessee offenses were used as predicates for sentencing Shelton as an armed career criminal: (1) a juvenile reckless endangerment conviction; (2) a juvenile adjudication for burglary; (3) two Tennessee business burglaries that were treated as one predicate offense; and (4) an aggravated burglary of a home. The Court now considers whether each may serve as an ACCA predicate.

### A. Reckless Endangerment

The Government concedes that Shelton's juvenile adjudication for reckless endangerment only qualifies as a violent felony under the ACCA's residual clause, and thus, it does not qualify as an ACCA predicate after *Johnson*. *See United States v. Bailey*, 264 F. App'x 480, 482 (6th Cir. 2008) (finding that Tennessee reckless endangerment qualified as a violent felony under the ACCA's residual clause). Accordingly, Shelton's juvenile adjudication for reckless endangerment does not serve as a predicate offense for purposes of the ACCA. *See Tumlin v. United States*, No. 3:14-CV-268-RLJ, 2016 WL 1435678, at *2 (E.D. Tenn. Apr. 11, 2016) (finding Tennessee offense for reckless endangerment does not qualify under the ACCA's use-of-force or enumerated-offense clauses).

### B. Burglaries

Shelton has a juvenile adjudication for burglary [*See* Doc. 24 in No. 1:05-CR-97, p. 6].  He also has three Tennessee convictions stemming from a March 20, 2003, crime spree involving the burglary of two adjoining stores in a strip mall and the aggravated burglary of a home nearby [Doc. 24 in No. 1:05-CR-97, pp. 5–6].

The burglary statutes under which Shelton was convicted provide that an individual commits burglary when, "without the effective consent of the property owner," he:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;
(2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;
(3) Enters a building and commits or attempts to commit a felony, theft or assault; or
(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a).   Aggravated burglary is burglary of a habitation.  Tenn. Code Ann. § 39-14-403(a).

A burglary offense constitutes a predicate offense for purposes of the ACCA when the offense's statutory definition substantially corresponds to the "generic" definition of burglary, which the Supreme Court has defined as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."  *Taylor v. United States*, 495 U.S. 575, 599 (1990).

### 1.      Intent

Shelton argues that none of his burglary convictions should qualify as ACCA predicates, asserting that the law is in flux as to whether Tennessee burglary statutes qualify as ACCA predicates absent contemporaneous criminal intent.  Shelton argues that the Court of Appeals for the Fifth Circuit has held that the Tennessee burglary statute under which Shelton was convicted is not generic burglary.  *See, e.g., United States v. Herrera-Montes*, 490 F.3d 390, 392 (5th Cir.

2007). However, the Fifth Circuit's decision is not binding on this Court. *See Timmreck v. United States*, 577 F.2d 372, 374 n.6 (6th Cir. 1978). Rather, binding Sixth Circuit precedent holds that a violation of Tennessee's burglary statute constitutes generic burglary, such that a violation is a violent felony under the enumerated-offense clause of the ACCA. *Priddy*, 808 F.3d at 684-85. Therefore, Shelton's argument that none of his burglary convictions can serve as ACCA predicates fails to warrant § 2255 relief.

### 2. The separate convictions

The Court turns to consideration of whether Shelton has at least three ACCA predicate convictions for burglary.

### i. Aggravated Burglary

The Court concludes that Shelton's conviction for aggravated burglary as part of his 2003 crime spree counts as a predicate offense, because aggravated burglary is considered a violent felony under the ACCA's enumerated offense clause. *Priddy*, 808 F.3d at 684; Tenn. Code Ann. § 39-14-403. The Supreme Court has held that aggravated burglary under Tennessee law is generic burglary within the meaning of the ACCA. *United States v. Stitt*, 139 S. Ct. 399, 406–07 (2018).

### ii. Business Burglaries

Shelton's 2003 business burglary convictions also fall within the definition of generic burglary under the ACCA. *Priddy*, 808 F.3d at 684-85. However, because the Government did not establish that the business burglaries were committed in "different residences or business locations," the business burglaries count as only one ACCA predicate. *United States v. Shelton*, No. 06-6216, 2008 WL 3271116, at *780 (6th Cir. Aug. 8, 2008). Therefore, Shelton's business burglaries count together as a second predicate offense.

### iii. Juvenile Burglary

Shelton's juvenile burglary adjudication counts as a generic burglary under *Priddy*. *See Priddy*, 808 F.3d at 684–85. Accordingly, *Johnson* and its progeny do not affect the classification of Shelton's juvenile burglary conviction as a violent felony. However, inasmuch as the *Johnson* line of cases has invalidated Shelton's juvenile reckless endangerment adjudication as a requisite third predicate offense, the Court must consider whether Shelton's juvenile burglary adjudication qualifies as an ACCA predicate. The Court concludes it does not.

Juvenile adjudications qualify as ACCA predicates only if the Government proves they involve the "use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B). At sentencing in this case, the Government conceded that Shelton's testimony established that a weapon was stolen during the course of the juvenile burglary, but that since a weapon was not used during the burglary, the offense would not qualify as a predicate offense for purposes of the ACCA [Doc. 24 in No. 1:05-CR-97, pp. 23, 32, 35]. Because it has not been demonstrated that Shelton committed burglary as a juvenile while using or carrying a weapon, his juvenile burglary conviction cannot count as a predicate offense under the ACCA.

## VI.    CONCLUSION

Because Shelton has only two potential ACCA predicates, he no longer qualifies as an armed career criminal. As a non-ACCA offender, Shelton, who has been imprisoned on the instant offense since 2006, has already served a sentence in excess of the applicable ten-year statutory maximum for a non-ACCA offender. *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."); *see also* 18 U.S.C. § 3853(b)(2). Therefore, Shelton's motion for § 2255 relief will be **GRANTED**, and Shelton's term of imprisonment will be reduced to **120 MONTHS**. The Court's Order will take effect ten days from its entry in order to allow the Bureau of Prisons time to process Shelton's release.

**An appropriate Order will enter.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**